**UNITED STATES of America**

v.

**Clarence Duke McGANN, Henry John Foster, Earl Kill Smith, also known as Earl James Smith, Jr.**

**No. 23017.**

United States District Court
D. Maryland.

April 24, 1957.

stituted an exempted transaction under sec. 4(1) of the Securities Act of 1933, as amended, 15 U.S.C.A. § 77d.

No appearance for petitioner.

**CHESNUT, District Judge.**

■ One of the defendants in the above case, Earl Kill Smith, has filed a petition in accordance with Rule 35 of the Federal Rules of Criminal Procedure, 18 U.S.C., to correct the sentence of 25 years' imprisonment given on February 7, 1955, by reducing the same to 20 years. I find no proper basis for the requested reduction and therefore I deny the petition and will state briefly my reasons therefor. The Clerk is instructed to send a copy of this order and memorandum to the petitioner now said to be at Alcatraz, California.

The three defendants in the above case were indicted by the Grand Jury for this district on August 18, 1954, for armed bank robbery. The indictment was in four counts. The first count charged that the defendants did by intimidation take from employees of the First National Bank of Southern Maryland, a member bank of the Federal Reserve System and a banking institution organized and operating under the laws of the United States and a bank, the deposits of which were insured by the Federal Deposit Insurance Company, the bank being located at Andrews Air Force Base, Prince George's County, Maryland, money in the amount of $124,000 on the 13th day of August, 1954; the second count charged that the same defendants on the same day did take and carry away with intent to steal the sum of $124,000, more or less; the third count charged that in committing the offenses charged in the first and second counts the defendants did at the same place and time assault certain named employees of the said bank; and the fourth count charged that the same defendants on the same day "in committing the offenses charged in the first and second counts of this indictment, did, at the Andrews Air Force Base, Prince George's County, in the State of Mary-land, by use of a dangerous weapon, put in jeopardy the lives of" certain named employees "who were present in the First National Bank of Southern Maryland during the commission of the offenses charged in said first and second counts of this indictment".

The indictment was based on title 18 U.S.C. § 2113, subsections (a) (f) for the first count; subsections (b) (f) for the second count; subsections (d) (f) for the third count and subsections (d) (f) for the fourth count.

Subsection (a) provides a penalty of imprisonment of not more than 20 years; subsection (b) provides a penalty of imprisonment of not more than ten years if the value of the property taken exceeds $100; subsection (d) provides a maximum term of imprisonment of not more than 25 years and a fine of not more than $10,000, or both.

The defendant McGann was arrested almost immediately after the occurrence and, appearing by counsel appointed by the court, after disposal of certain interlocutory proceedings, pleaded guilty and was sentenced to imprisonment for 20 years. The other two defendants, Foster and Earl Kill Smith, escaped with $124,-000 and were not apprehended until January 1955. They were arrested in other districts from which in due course they were removed to this district. Before arraignment the court appointed Paul C. Wolman, Jr., Esq., a member of the bar of this court, an experienced attorney who had recently theretofore been Assistant United States Attorney for this district, to represent those defendants. On arraignment they both pleaded guilty as to counts 1, 2 and 4, and the United States Attorney nol prossed the third count as to them. After hearing from witnesses the nature and circumstances of the armed robbery of the bank, Foster and Earl Kill Smith were committed to the custody of the Attorney General of the United States for imprisonment in such place as he may designate for the period of 25 years, and to pay a fine of $10,000 and costs, with further commitment in default of payment of such fine.

Comparatively little of the whole sum of $124,000 had at that time been recovered.

The contention of the petitioner is that the fourth count did not sufficiently allege in full the facts required to be alleged to authorize imprisonment for 25 years according to subsection (d) of title 18 U.S.C. § 2113, because the fourth count merely referred to the first and second counts by alleging that "in committing the offenses charged in the first and second counts of this indictment, did" etc. This contention is not sound. Rule 7 of the Federal Rules of Criminal Procedure in force at the time of the filing of this indictment, with respect to the sufficiency of an indictment, expressly states "Allegations made in one count may be incorporated by reference in another count".

The rule did not provide anything new with respect to the sufficiency of the indictment. The same rule of criminal procedure had existed for many years theretofore. See Blitz v. United States, 1894, 153 U.S. 308, at 316–317, 14 S.Ct. 924, 38 L.Ed. 725. The opinion of the Supreme Court cited the well-known text books on criminal procedure in support of its statement of the application of the rule in that particular case; 1 Bishop Criminal Procedure, 431; Wharton's Criminal Pleading and Procedure, § 299, 1 Chittey's Criminal Law, 250. See also Bell v. United States, 5 Cir., 1938, 100 F.2d 474; Muench v. United States, 8 Cir., 1938, 96 F.2d 332.

The petitioner cites the more recent case of Meyers v. United States, 5 Cir., 1940, 116 F.2d 601, said to be to the contrary effect, but on examination it is clearly distinguishable. There the indictment did not allege the offense committed in the exact wording of the particular statute there involved. Here the fourth count of the indictment did make the allegation precisely in the words of subsection (d) of title 18 U.S.C. § 2113. The petitioner further contends that the fourth count of the indictment in the instant case does not sufficiently specify how the lives of the bank employees were put in jeopardy because it does not allege that the dangerous weapon was in fact loaded. I regard this criticism as insufficient as the count did expressly state in the words of the statute that in committing the offense the defendants did "by use of a dangerous weapon, put in jeopardy the lives" of the employees. No more particular statement was requested by the defendants or their counsel at the time, and no appeal was taken from the sentence.

For these reasons the petition for reduction of sentence is denied.