Clarence Duke McGANN, Appellant,

v.

UNITED STATES of America, Appellee.

No. 7517.

United States Court of Appeals Fourth Circuit.

Argued Nov. 7, 1957.

Decided Nov. 13, 1957.

5. 26 U.S.C. § 2726 (1946 Ed.).

U.S.C. § 2255. Appellant had pleaded guilty to a charge of armed bank robbery in violation of the provisions of 18 U.S.C. § 2113. He contends that the indictment does not charge a crime because the bank which he is charged with robbing is described as located on an Air Force base and must therefore be considered as a "banking facility" established in accordance with Air Force regulations and not as a bank. The crime to which appellant pleaded guilty is charged in the language of the statute; and there is nothing to show that it is not properly charged or that the bank ceased to be a bank because it was located on the Air Force base. Appellant was represented by competent counsel who did not raise the point in the trial court. There is no defect in the indictment, and in no event would it be held insufficient on a motion to vacate sentence unless so obviously defective that by no reasonable construction could it be said to charge the crime for which sentence was imposed. Aaron v. United States, 4 Cir., 188 F.2d 446; Dickerson v. United States, 4 Cir., 175 F.2d 440; Pifer v. United States, 4 Cir., 158 F.2d 867.

Affirmed.

Mathias J. DeVito, Baltimore, Md., for appellant.

Clarence Duke McGann, pro se, on brief, and John R. Hargrove, Asst. U. S. Atty., Baltimore, Md. (Leon H. A. Pierson, U. S. Atty., Baltimore, Md., on brief), for appellee.

Before PARKER, Chief Judge, and SOBELOFF and HAYNSWORTH, Circuit Judges.

PER CURIAM.

This is an appeal from an order denying what is denominated a petition for writ of habeas corpus but which was properly treated by the District Judge as a motion for relief under 28