**UNITED STATES of America**

v.

**Clarence Duke McGANN et al.**

**Crim. A. No. 23017.**

United States District Court
D. Maryland,
Criminal Division.

May 2, 1958.

See also, 150 F.Supp. 463.

CHESNUT, District Judge.

One of the defendants in the above case, Clarence Duke McGann, has now filed a second petition for release on habeas corpus. On September 20, 1954, and after the appointment of counsel for him by the court, the defendant in the presence of counsel entered a plea of "guilty" on indictment No. 23017, charging him, among other things, with the offense of armed robbery of a National Bank under title 18 U.S.C. § 2113, subsection (d). The authorized maximum sentence by this subsection was 25 years and the sentence imposed was imprisonment for 20 years.

On the same day, in the presence of counsel, the defendant entered a plea of "guilty" to the charge in indictment No. 23023 for interstate transportation of a known stolen motor vehicle, and was sentenced to imprisonment for a period of 5 years under title 18 U.S.C. § 2312, to run concurrently with the 20-year sentence imposed in case No. 23017.

On the same day, in the presence of counsel, the defendant also entered a plea of "guilty" to the indictment in case No. 23024 charging, under title 18 U.S.C. §§ 2111 and 7(3), that he did "by intimidation, unlawfully and feloniously take from the presence of Herbert D. Pinckney and Lila Westcamp, a thing of

value, to wit, money in the amount of $124,000, more or less" * * * "on lands within the territorial jurisdiction of the United States which had theretofore been acquired for the use of the United States, and then and there were under the jurisdiction thereof, to wit, Andrews Air Force Base, Prince George's County, in the State and District of Maryland." The sentence imposed in that case was imprisonment for 5 years to run concurrently with the 20-year sentence in case No. 23017.

The substance of the defendant's present petition is his allegation that he has now served the two five-year sentences and his contention is that he should now be released from the unexpired portion of the 20-year sentence because there was duplicity between the charge in case 23024 and case 23017.

■ As the petition shows that the defendant is now imprisoned at Leavenworth, Kansas, and is not within the District of Maryland, it is clear that this court has no authority to entertain the petition for the issuance of the writ of habeas corpus; but I have treated the matter as a petition for vacation of sentence under title 28 U.S.C. § 2255. So treated, I find no legal merit in the contention for the reasons now to be stated.

■ In his petition to support the contention of duplicity the defendant states the principle as follows: "The test for determining whether offenses charged in two indictments are identical is whether the fact alleged in one, if offered in support of the other will sustain a conviction". Accepting this test for the purposes of this case, it is quite clear that the indictments are not identical because they involve one or more essential elements of the offenses charged which are different in the several indictments, and of course, therefore, as each essential element of the offense charged would have to be proven, it does not follow that the proof of facts sufficient to support one charge would necessarily also sustain a conviction on the other charge or charges.

The three indictments are respectively based on three different sections of title 18 U.S.C. In case 23017, an essential element of the indictment is that the offense related to the taking of money belonging to a National Bank, a member bank of the Federal Reserve System. In case 23024 an essential element of the indictment was that the money was taken from the bank "on land within the territorial jurisdiction of the United States which had theretofore been acquired for the use of the United States and then and there were under the jurisdiction thereof, to wit, Andrews Air Force Base, Prince George's County, in the State and District of Maryland". The charge in 23017 did not base the jurisdiction on the commission of the offense on a "federal reservation", and the indictment in 23024 did not describe the moneys taken as moneys of a National Bank. It is true that in both indictments the money taken was the sum of $124,000, more or less, and the place where the robbery occurred was Andrews Air Force Base, Prince George's County, in the State and District of Maryland; but each indictment contained an essential element of jurisdiction or description of the offense not appearing in the other.

The indictment in 23017 was in four counts all based on title 18 U.S.C. § 2113. The first count charged that on August 13, 1954 the defendants "at the Andrews Air Force Base, Prince George's County, in the State and District of Maryland, did, by intimidation, take from the presence of Herbert D. Pinckney and Lila Westcamp, employees of the First National Bank of Southern Maryland, money in the amount of $124,000, more or less, which said money was in the care, custody, control and management and possession of the said First National Bank of Southern Maryland, a member bank of the Federal Reserve System and a banking institution organized and operating under the laws of the United States, and a bank, the deposits of which were insured by the Federal Deposit Insurance Corporation." This count was based on subsections (a) and (f) of sec-

tion 2113. The one count in case 23024 charged that the defendants "on or about the 13th day of August, 1954, on lands within the territorial jurisdiction of the United States which had theretofore been acquired for the use of the United States and then and there were under the jurisdiction thereof, to wit, Andrews Air Force Base, Prince George's County, in the State and District of Maryland, did, by intimidation, unlawfully and feloniously take from the presence of Herbert D. Pinckney and Lila Westcamp, a thing of value, to wit, money in the amount of $124,000, more or less." This indictment was based on title 18 U.S.C. §§ 2111 and 7(3). The present contention of this defendant seems to be that the one count in case 23024 is the same charge contained in count one of 23017; but as pointed out above, each charge contains as essential element not found in the other in that 23017 required proof that the moneys were taken from a National Bank, a member of the Federal Reserve System; while in 23024 the jurisdiction of the court was based on the averment that the moneys were taken from two individuals on a federal reservation. Therefore the second charge was not as a matter of criminal pleading technically duplicitous. The defendant cites Calvaresi v. United States, 10 Cir., 216 F.2d 891, in support of his contention to the contrary but on examination of the case I find it distinguishable.

Furthermore, the defendant's present complaint entirely overlooks the fourth count of case 23017. The second and third counts are not in point at all with respect to alleged duplicity. The fourth count is the only one of the four that charges armed robbery and it was this feature of the case which was the most serious of all the charges in the several indictments.

The fourth count of 23017 charged that the defendants, in committing the offenses charged in the first and second counts of the indictment, "did, at the Andrews Air Force Base, Prince George's County, in the State and District of Maryland, *by use of a dangerous weapon, put in jeopardy* the lives of David Lorin Ridings, Joseph Nagy, Elaine Ahern, Llewellyn Francis Baldwin, Herbert D. Pinckney, Margaret Louise Swider, Harry Milton Sellner, Lila Westcamp, who were present in the First National Bank of Southern Maryland during the commission of the offenses in said first and second counts of this indictment." (Italics supplied.)

The defendant's general plea of guilty included the fourth count of 23017 which, under no possible contention could be deemed duplicitous with 23024. The sentence of twenty years on 23017 was within the statutory limit. And it is a well established rule of federal criminal law that a general sentence on an indictment is good if sustained by any one of the several counts of the indictment.

A further obstacle to the defendant's present contention is that he was ably represented by counsel appointed by the court. No contention was made at the time of imposition of the sentences that there was any duplicity between the three separate indictments and no objection was made at the arraignment of the defendant with respect to 23024 that it constituted double jeopardy with respect to 23017.

The docket entries in the three cases and the court reporter's transcript of proceedings on file in 23017 show the following:

Before the defendant was arraigned the court appointed competent and experienced counsel to represent him, Messrs. John Martin Jones, Jr., and James B. Murphy, Mr. Murphy having for several years theretofore been an Assistant United States Attorney for this District. On September 1, 1954 in the presence of counsel the defendant was arraigned in all three cases. In response to a question from the Court the Assistant United States Attorney explained the substance and nature of each of the three cases separately. Thereupon, the defendant by his counsel pleaded "not guilty" in each of the three cases. Thereafter counsel for the defendant filed a

motion for the reduction of bail and for the appointment of psychiatrists to examine the defendant. After their appointment and examination, the Court ordered a copy of the medical reports to be given to counsel for the defendant.

On September 20, 1954 all three cases were again called and counsel for the defendant in his presence stated that the defendant wished to withdraw his plea of "not guilty" and plead "guilty" in each of the three cases. This having been permitted, the defendant withdrew his former plea of "not guilty" and pleaded "guilty" in each of the three cases. After customary hearing of the facts and circumstances in the cases and other regular procedure the Court announced the sentence, first in 23017, and thereafter in the other cases as already stated. It is inferable, and in accordance with my recollection of the cases as a whole, that the charge of armed robbery of a National Bank contained in the fourth count of the indictment No. 23017, was the outstanding and most serious of all the charges in the several counts of the three indictments. In view of the defendant's plea of guilty the term of imprisonment was made less than the maximum authorized by statute; and the sentences of five years in cases 23023 and 23024 were made concurrent with the sentence of twenty years in 23017. This disposition of all three cases rather than leaving 23023 and 23024 open on the docket was not prejudicial but rather to the advantage of the defendant, and was not objected to by him or his counsel.

No appeal was at that time taken by the defendant from the sentences in any of the three cases but on June 5, 1957, the defendant filed a petition for a writ of habeas corpus and a motion for relief under title 28 U.S.C. § 2255 on the ground that the indictment in 23017 did not sufficiently allege that the robbery was of a validly existing National Bank. This motion having been overruled by the Court, an appeal was taken to the United States Court of Appeals for the Fourth Circuit where the order of this court was affirmed in an opinion dated November 13, 1957, 249 F.2d 431.

Furthermore, even if there could be found technical duplicity or unnecessary procedural proliferation in the several indictments, the defendant is not thereby entitled to release from the unexpired portion of the 20-year sentence.

It is, therefore, this 2nd day of May, 1958, Ordered by the Court that the defendant's petition for the issuance of a writ of habeas corpus, treated as a motion for vacation or correction of sentence under title 28 U.S.C. § 2255, be and the same is hereby *overruled*. The defendant has petitioned for leave to prosecute this petition in forma pauperis. This is hereby *granted*.