**UNITED STATES of America**

v.

**Clarence Duke McGANN, Henry John Foster, Earl Kill Smith, also known as Earl James Smith, Jr.**

**No. 23017.**

United States District Court
D. Maryland,
Criminal Division.
July 1, 1958.

See also 161 F.Supp. 629.

· No appearance for plaintiff and defendant.

CHESNUT, District Judge.

Earl Kill Smith, one of the three defendants in the above case, has filed a second petition to modify or strike out the sentence imposed upon him in this court on February 7, 1955, when represented by competent counsel theretofore appointed by the Court. After considering the petition in the light of the whole record in the case, I have concluded that the petition must be *denied*. To understand the reasons for this conclusion it is important to make at least a summary review of the record in the case.

On August 13, 1954, a branch of the First National Bank of Southern Maryland located in Prince George's County, Maryland, was robbed of $124,000 by three armed robbers. One of the men, McGann, was arrested almost immediately in the vicinity but the other two escaped at the time. An indictment

against the three defendants was filed in this court on August 18, 1954 charging them in four counts with the robbery or theft under section 2113 of title 18 U.S. C.A. the fourth count being the one that charged them with armed bank robbery. After the appointment of counsel by the Court, McGann, after pleading guilty, was sentenced to twenty years in prison. Smith and Foster were arrested separately some months later, the arrest of Smith being in Texas. After hearing by the United States Commissioner there he was ordered removed to the District of Maryland, and after the appointment by the Court of competent and experienced counsel for Smith and Foster their case was called in court on February 7, 1955. After each pleaded guilty by and in the presence of counsel, each was sentenced to a term of twenty-five years imprisonment and to pay a fine of $10,-000. At the same time each also pleaded guilty by counsel in case No. 23023 charging them with the interstate transportation of a known stolen automobile, the latter having been used in connection with the bank robbery, and each was sentenced to an additional consecutive term of two years and a fine of $1,000. The sentences were not imposed until after the Court had heard a full and substantial account of the facts and incidents of the bank robbery, and the particular relation of each of the defendants thereto and until after each of the defendants had been given an opportunity to and did make a full statement in court of their respective participation in the robbery and an explanation and statement with regard to the disposition made by them of that portion of the money stolen which they had received and used or otherwise disposed of over and above the comparatively small portion of the whole amount which had been recovered from them respectively.

The whole of the hearing in open court was stenographically reported by the court reporter and has been transcribed and filed in this proceeding. At the time I had the opportunity to hear and consider the whole of the individual statements of the two defendants respectively and to note at the time their apparent intelligence and manner and freedom of speaking.

Smith, the present petitioner, has been confined at Alcatraz, California. On April 8, 1957, more than two years after the robbery and more than two years after the sentence, Smith filed a petition in this court for reduction of sentence imposed on him in case No. 23017. His contention was that the sentence should not have exceeded twenty years because the fourth count of the indictment, which was the only one charging armed bank robbery, was not technically sufficient. Nothing was said with respect to his present contention that his plea of guilty was not in accordance with due process. That petition for the reduction of sentence was said to be based on Rule 35 of the Federal Rules of Criminal Procedure, 18 U.S.C.A. The Court denied the petition with an opinion dealing specifically with the petitioner's contention respecting the sufficiency of the indictment, and the consequent correctness of the sentence of twenty-five years. United States v. McGann, D.C., 150 F.Supp. 463. Smith appealed from the order to the United States Court of Appeals for the Fourth Circuit where the order of this court was affirmed, 250 F.2d 37, certiorari denied 355 U.S. 965, 78 S.Ct. 555, 2 L.Ed.2d 540.

The gist of the present petition is that the plea of guilty in this court was not really free and voluntary because he was still under the influence of threats, violence and other duress occurring and affecting him at the time of his arrest in Texas, at the instance of one Graham, a representative of the Federal Bureau of Investigation, and other unnamed officers who secured from him by threats, duress and other unlawful treatment and intimidation, a written confession of guilt. He now complains that this illegal treatment in Texas, more than seven weeks before his arraignment in this court, was still the inducing cause for his plea of guilty entered here after conference with his counsel whom he also charges with ap-

parent indifference and hasty action in advising him to plead guilty because his co-defendant Foster, represented by the same counsel, also intended to plead guilty.

His present petition expressly states that he filed it in accordance with section 1651(a) of title 28 U.S.C.A., sometimes called the "all writs section", which was held by the Supreme Court in United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248, to include the common law writ in the nature of an appeal "coram nobis".

After reading the present petition but before refreshing my recollection as to the particular circumstances accompanying the petitioner's plea of guilty in this court more than three years ago, I made an order that the United States Attorney show cause why the relief should not be granted. Such cause has been shown in much detail and with reference to the record of removal proceeding against the defendant, Smith, before the United States Commissioner in Laredo, Texas, from which it appears that the defendant was arrested by Border Patrol Officers in Texas on December 22, 1954, and apparently held because lacking sufficient identification. It was not until later that day that his real identity was learned. The next day he was taken before the United States Commissioner on a complaint by one Graham, an Agent of the Federal Bureau of Investigation. He was not then represented by counsel but the Commissioner advised him of his rights and postponed further hearing until December 31, 1954. On that later date a copy of the Maryland indictment having been received, the defendant, then represented by counsel, admitted his identity as the Earl Kill Smith named in the indictment and the Commissioner, acting under Rule 40(b) of the Federal Rules of Criminal Procedure, committed him in default of bail of $100,000, for removal to the District of Maryland, and in due course the local United States District Judge ordered his removal, which was completed on January 15, 1955.

In my opinion the circumstances of the present case do not make the so-called "all writs section" of title 28 U.S.C.A., applicable. Its application in the Morgan case was due to very unusual circumstances that do not exist here. In the Morgan case the sentence which the defendant petitioner sought to have vacated had entirely expired and section 2255 of title 28 U.S.C.A. was, therefore, not available to the petitioner whose principal basis for invoking the "all writs section" was that subsequent to his federal sentence he had been convicted in a New York State Court as a multiple offender and subject, therefore, to longer imprisonment unless his federal sentence could properly be vacated. No such special circumstances exist in this case where the sentence has not expired and where the reasons stated in the petition for striking out the sentence seem clearly to be comprehended by 28 U.S.C.A. § 2255. Therefore, in my opinion, section 2255 should be considered as the proper basis for relief, if any exists. The substance of the present petition is that Smith's plea of guilty was involuntary in that it was induced by duress occurring in Texas more than seven weeks before his court hearing here. If there were a solid basis for this as a continuing cause and directly affecting and destroying the voluntary nature of his plea of guilty, that is a case clearly within the provisions of section 2255 as the sentence following the plea should be vacated for lack of due process. Section 2255 provides in effect that the Court is not required to give the petitioner a hearing if, from the record as a whole, it appears that he is not entitled to the relief as requested; and the section further provides that if the Court finds the petition not meritorious on the whole record it is not necessary to have the petitioner return to the Court. This latter provision is especially applicable to the present case.

The gist of the present petition, if meritorious, would afford a typical case for relief under section 2255. A number of similar cases have been so dealt with

in this District Court and on appeal to the Fourth Circuit. For instance, see United States v. Sanders, D.C., 142 F. Supp. 638, and United States v. Close, D.C., 140 F.Supp. 373, affirmed 4 Cir., 232 F.2d 889, certiorari denied 351 U.S. 987, 76 S.Ct. 1058, 100 L.Ed. 1501. See, also, United States v. Hayman, 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232. But if it should be thought that the "all writs section" is likewise applicable in this case, I am also of the opinion that the petition should be dismissed for the same reasons.

██ After examining the whole record in this court I find no merit in the petition. The gist of the complaint is that the defendant's plea of guilty was not voluntary. A reading of the transcript of the proceedings will expressly show that when the defendant Smith was given the opportunity to address the Court with respect to why the sentence should not be pronounced, he made an extended, detailed, personal statement admitting his participation in the bank robbery; that he had received about $41,000 as his share of the stolen money; that he had fled from Maryland, went to California, then to Mexico, and was coming back into Texas when arrested, and explaining in some detail how and why he had spent or otherwise disposed of a large part of the money received by him other than about $2500 in his possession at the time of his arrest. From the defendant's statement I found that he was 25 years of age and appeared to have had at least a fair education, that he was intelligent and that his whole account of the matter was not only clear and coherent but consistent with other facts and circumstances of the case which had been developed by other witnesses in his presence and hearing. His statements in this court, to be found in the transcript of his hearing, so completely refute the averment in his petition that his plea of guilty entered here in open court was not voluntary, that I cannot accept as credible the statements in his present petition on his mere personal affidavit unsupported by any corro-

boration and made for the first time more than three years after sentence and after he had filed one petition for reduction of sentence in which no reference was made to his present complaint. As he is now presently confined at Alcatraz, more than 3,000 miles away, I do not think his present request for a further hearing in this court should be granted.

██ His present charge that his counsel was indifferent to his interest is substantially contradicted by what the record shows at the hearing here. There were three indictments against Smith, one, No. 23017 for bank robbery, contained four counts. By the alert attention of his counsel, the United States Attorney nol prossed the third count of that indictment; another indictment containing three counts as to which his counsel obtained the dismissal of two of the counts. A third indictment, No. 23024, was similarly dismissed at the time by the United States Attorney. Mr. Paul C. Wolman, Jr., who was appointed by the Court to represent the defendants, was an able trial lawyer well experienced in federal criminal law and procedure, as he previously had been for several years theretofore an Assistant United States Attorney in this District. The transcript of the hearing will show the attention which Mr. Wolman exhibited in the interests of the defendant and there was nothing at the hearing to indicate or even suggest any possible conflict of interest between the two defendants, Smith and Foster.

I also note from a supplemental return made by the United States Attorney to the show cause order, that it appears that after the plea of guilty entered by Smith in this court on February 7, 1955, he also entered a plea of guilty to an indictment for bank robbery in the District Court for the Southern District of New York on May 2, 1955, and was sentenced on August 3, 1955 to a term of twenty years imprisonment to run concurrently with the sentence imposed on him in this court. It further appears that Smith was represented by counsel in the New York case but that on July

9, 1957 he filed a motion to strike out the sentence and for permission to change his plea from guilty to not guilty, alleging that he had been induced by threats and other duress to enter the former plea of guilty. This motion was overruled by District Judge Sylvester J. Ryan on October 3, 1957 and from that order an appeal is now pending in the United States Court of Appeals for the Second Circuit.

It is, therefore, ordered by the United States District Court for the District of Maryland this first day of July, 1958 that the motion of Earl Kill Smith to vacate, modify or strike out the sentence imposed upon him in this court on February 7, 1955, be and the same is hereby *overruled.*

The Clerk of the Court is instructed to send a copy of this order and memorandum opinion to the defendant petitioner.