**Clarence Duke McGANN, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 7750.**

United States Court of Appeals
Fourth Circuit.

Argued Nov. 4, 1958.

Decided Dec. 13, 1958.

---

See, also, D.C., 163 F.Supp. 417.

Walter E. Black, Jr., Baltimore, Md. (H. B. Mutter, Baltimore, Md., on brief) (Court appointed counsel), for appellant.

John R. Hargrove, Asst. U. S. Atty., Baltimore, Md. (Leon H. A. Pierson, U. S. Atty., Baltimore, Md., on brief), for appellee.

Before SOBELOFF, Chief Judge, and SOPER and HAYNSWORTH, Circuit Judges.

SOBELOFF, Chief Judge.

Clarence Duke McGann, now at Leavenworth serving a twenty-year sentence, appeals from the District Court's denial of his motion, filed under Title 28 U.S.C.A. § 2255, to vacate the conviction which he asserts has subjected him to double jeopardy.

In 1954 the United States Grand Jury for the District of Maryland returned two indictments against the appellant. The first, Criminal No. 23017, was in four counts and charged him with robbery of a national bank in violation of Title 18 U.S.C.A. § 2113. The indictment described the bank as a member of the Federal Reserve System, organized and operating under the laws of the United States, insured by the Federal Deposit Insurance Corporation and located at the Andrews Air Force Base in Maryland. The second, Criminal No. 23024, charged McGann with robbery on the same occasion, on lands within the territorial jurisdiction of the United States, namely, the Andrews Air Force Base in Maryland, in violation of Title 18 U.S.C.A. § 2111.

On September 20, 1954, the appellant, represented by two court-appointed counsel, entered a plea of guilty to each charge in the District Court for the District of Maryland and was sentenced to twenty years under the first indictment and five years under the second, the sentences to run concurrently.

In 1957 McGann filed an application for a writ of habeas corpus, treated by the District Court as a motion for relief under Title 28 U.S.C.A. § 2255, alleging that a national bank cannot be on a United States Air Force Base. This court affirmed the District Court's denial of McGann's motion, 4 Cir., 1957, 249 F.2d 431.

In April, 1958, McGann filed his second motion for relief under Section 2255, this time charging that the two indictments were duplicitous and, as such, constitute double jeopardy. Having served the five-year sentence, he urged that the twenty-year sentence be vacated. The District Judge filed a carefully written opinion

answering the petition at length and denied the motion, D.C.Md.1958, 161 F. Supp. 629. No appeal was taken, but in May, 1958, McGann filed his third motion for relief under Section 2255, again asserting that the indictments and convictions thereunder constitute double jeopardy. He appeals from the District Judge's denial of the motion.

 This appeal could be dismissed under Title 28 U.S.C.A. § 2255, which provides in part: "The sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner." The District Judge properly refused to consider again the identical contentions already pressed by the appellant in his previous motion and fully answered by the District Judge in a considered written opinion. Having failed to appeal from that ruling, the prisoner cannot now file an identical motion in order to obtain review by this court. Burns v. United States, 8 Cir., 1956, 229 F.2d 87, 89, certiorari denied 351 U.S. 910, 76 S.Ct. 703, 100 L.Ed. 1445.

 Moreover, the appellant's contentions lack merit. He feels that he has been twice charged with the same crime since both indictments relate to a $124,000 robbery at Andrews Air Force Base in the presence of the same enumerated persons.[1] McGann's contention is that this is double jeopardy since he has committed only one robbery, not two. But it is an elementary proposition of law that a single act can subject the actor to punishment under two statutes. In the leading case of Gavieres v. United States, 1911, 220 U.S. 338, 31 S.Ct. 421, 55 L.Ed. 489, the defendant's act of insulting a public official in the latter's presence led to the defendant's two convictions, first, under a disorderly conduct statute and second, under a statute prohibiting insults to public officials in their presence. And in Blockburger v. United States, 1932, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306, one sale of narcotics violated a statute prohibiting the sale of narcotics not in the original package and also a statute prohibiting the sale without a written order from the buyer.

It is settled that two indictments arising from the same act do not charge the same crime if each indictment requires proof of a fact not essential to the other. Pereira v. United States, 1954, 347 U.S. 1, 9, 74 S.Ct. 358, 98 L.Ed. 435; Pifer v. United States, 4 Cir., 1957, 245 F.2d 704. Therefore, in Gavieres the first indictment could be satisfied only by proving disorderly conduct in a public place, the presence of a public official being immaterial; but it was essential for conviction under the second indictment that the misbehavior was addressed to a public official, whether in a public place or not. Likewise, in Blockburger, a showing that the narcotics were not in the original package was necessary under the first indictment but not the second, and absence of a written order was essential to the second indictment but not the first.

It is so here. The distinction between the two indictments returned against the appellant is obvious. The indictment in Criminal No. 23017 was framed under Title 18 U.S.C.A. § 2113, which penalizes the robbery of "any bank." The indictment in Criminal No. 23024 was framed

---

1. The two indictments are, of course, similar in several respects. No. 23017 charges in part: "* * * at the Andrews Air Force Base, Prince George's County, in the State and District of Maryland, [McGann] did, by intimidation, take from the presence of Herbert D. Pinckney and Lila Westcamp, employees of the First National Bank of Southern Maryland, money in the amount of $124,000.00, more or less, which said money was in the care, custody, control, management and possession of the said First National Bank of Southern Maryland, a member bank of the Federal Reserve System. * * *"

Indictment No. 23024 charges in part: "* * * on lands within the territorial jurisdiction of the United States * * * to wit, Andrews Air Force Base, Prince George's County, in the State and District of Maryland, [McGann] did, by intimidation, unlawfully and feloniously take from the presence of Herbert D. Pinckney and Lila Westcamp a thing of value, to wit, money in the amount of $124,000.00, more or less."

under Title 18 U.S.C.A. § 2111, where the offense is robbery on lands within the "territorial jurisdiction of the United States." The element essential for conviction under the former charge, but not the latter, was robbery of a "bank" as defined by the statute: a member bank of the Federal Reserve System, organized and operating under the laws of the United States, the deposits of which are insured by the F. D. I. C. Such proof was not necessary to sustain the latter indictment, the requisite proof there being that the robbery occurred on a federal reservation regardless of whether the money was taken from a bank.

This case is closely analogous to Pereira v. United States, 1954, 347 U.S. 1, 74 S.Ct. 358, 98 L.Ed. 435. There, the defendant, in order to cash a check he obtained by fraud, caused it to be sent through the mails. The Supreme Court of the United States upheld convictions under the mail fraud statute, Title 18 U.S.C.A. § 1341, which penalizes use of the mails to defraud, and also under the National Stolen Property Act, Title 18 U.S.C.A. § 2314, which prohibits the interstate transportation of goods taken by fraud.

The prisoner would not in any event be entitled to release upon completion of the five-year sentence, rather than the twenty-year sentence; but we do not rest our decision upon this ground.

The appellant has in no way been placed in double jeopardy and the District Court's denial of his motion is

Affirmed.