Clarence Duke McGANN, Appellant,

v.

J. C. TAYLOR, Warden, United States Penitentiary, Leavenworth, Kansas, Appellee.

No. 6621.

United States Court of Appeals Tenth Circuit.

April 18, 1961.

Rehearing Denied May 3, 1961.

Morton L. Davis, Denver, Colo., for appellant.

George T. Van Bebber, Kansas City, Kan. (Newell A. George, Kansas City, Kan., on brief), for appellee.

Before MURRAH, Chief Judge, PICKETT, Circuit Judge, and SAVAGE, District Judge.

PER CURIAM.

This is an appeal from the trial court's judgment denying appellant's petition for a writ of habeas corpus.

The petitioner is presently serving a twenty-year sentence for bank robbery imposed by the United States District Court for the District of Maryland in 1954. See McGann v. United States, 4 Cir., 261 F.2d 956, certiorari denied 359 U.S. 974, 79 S.Ct. 891, 3 L.Ed.2d 841. Concurrently with this sentence, he is also serving other sentences imposed by the United States District Courts in Maryland and the Eastern and Southern Districts of New York.[1]

In this present petition, appellant attacks the validity of the Maryland twenty-year sentence, as well as the validity of those running concurrently with it.

These matters would ordinarily be appropriately raised by motion under 28 U.S.C. § 2255. It is the contention of the petitioner, however, that § 2255 proceedings are inadequate and ineffective because the sentences are imposed in different courts and he could not claim the right to be released in any one of them. Indeed, it was for this reason that his motion for relief under § 2255 was denied in the Second Circuit. United States v. McGann, 2 Cir., 245 F.2d 670.

■ Irrespective of his rights under § 2255, however, it is axiomatic that before habeas corpus can properly lie, a determination in favor of the petitioner must entitle him to immediate release.

McNally v. Hill, 293 U.S. 131; Parker v. Ellis, 362 U.S. 574, 80 S.Ct. 909, 4 L.Ed. 2d 963; Holloway v. Looney, 10 Cir., 207 F.2d 433; McMahon v. Hunter, 10 Cir., 150 F.2d 498. Thus, in order for appellant here to be entitled to release from any of his sentences, he must first show that the twenty-year Maryland bank robbery sentence was improperly imposed. This is so because that sentence is the one upon which all the others run concurrently. In the event one or more of the other sentences were vacated, petitioner would still not be entitled to immediate release because of that original sentence.

■ In support of his attack on the validity of the original Maryland sentence, petitioner argues that at the time the sentence was imposed, he was placed in double jeopardy in violation of the Fifth Amendment by virtue of the fact that he was charged with two crimes arising out of the same act. This identical issue was presented to and squarely decided adversely to the petitioner by the Fourth Circuit in a proper proceeding under § 2255. McGann v. United States, supra, 261 F.2d 956. There, in a comprehensive opinion by Chief Judge Sobeloff, all matters raised here were closely examined and held not violative of petitioner's constitutional rights. We regard that opinion as a conclusive determination of the validity of the twenty-year Maryland sentence insofar as it is herein challenged.

■ Since therefore that sentence is valid, a determination that the sentences running concurrently therewith are invalid would not entitle petitioner to immediate release and their validity cannot therefore be attacked in this habeas corpus proceedings.

The judgment is affirmed.

[1] In addition to the twenty-year Maryland sentence, petitioner is serving sentences imposed by the United States District Court in Maryland for five years for interstate transportation of a stolen motor vehicle, five years for robbery from a person within the special territorial jurisdiction of the United States, twenty years imposed in the Southern District of New York for bank robbery, and twelve years imposed in the Eastern District of New York for robbery within the special territorial jurisdiction of the United States. All of these latter sentences run concurrently with the original sentence imposed in Maryland.