**Clarence Duke McGANN**

v.

**UNITED STATES of America.**

**Cr. A. Nos. 23017, 23024.**

United States District Court
D. Maryland.
Criminal Division.
Dec. 20, 1961.

John Martin Jones, Jr., and James B. Murphy, Baltimore, Md., for defendant, McGann.

Paul C. Wolman, Jr., Baltimore, Md., for defendants, Smith and Foster.

George Cochran Doub and Leon H. A. Pierson, former U. S. Attys., and Herbert F. Murray, former Asst. U. S. Atty., and Joseph D. Tydings, U. S. Atty., and Stephen H. Sachs, Asst. U. S. Atty., Baltimore, Md., for United States.

CHESNUT, District Judge.

McGann, a federal prisoner now serving a twenty year sentence at Alcatraz, has now filed a *fifth* repetitive petition under 28 U.S.C.A. § 2255, for vacation of the sentence imposed upon him in this court on September 20, 1954.

Section 2255 provides in part: " * * The sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner. * * * " On the authority of this clear provision, this court now declines to consider this fifth repetitive petition based on substantially the same or very similar alleged grounds for relief appearing in some or all of the prior four petitions or motions under section 2255.

However, as I anticipate that the order dismissing this now latest petition will be appealed, as has been the case in most of the prior matters, I will briefly summarize the prior proceedings for the possible convenience of the Appellate Court, if it accepts such an appeal.

On August 13, 1954 three armed men robbed the First National Bank of Southern Maryland at Andrews Air Force Base, Prince Georges County, Maryland, and took moneys of the bank in the amount of about $124,000. McGann, one of the three, was almost immediately arrested, and the first proceedings in this court were against him. He was indicted for armed bank robbery under section

2113 of title 18 U.S.C.A., in four counts. The court immediately appointed two active and competent practicing members of the Bar of this Court to defend him. At first he pleaded not guilty and on his petition the court appointed a psychiatrist to advise regarding the defendant's mental condition. After his favorable report as to the defendant's mental condition had been given to counsel for the defendant, the latter was again arraigned on September 20, 1954 and then, in the presence of and by his counsel, withdrew the plea of not guilty and entered a plea of guilty to the charge in the indictment. The number of the indictment was Crimnial Action No. 23017. Thereafter the United States Attorney called attention to the fact that the Grand Jury had also indicted McGann for interstate transportation of stolen property, indictment No. 23023, and further the attention of counsel was called to still another indictment filed by the Grand Jury against McGann which charged a robbery on property under federal jurisdiction, No. 23024.

McGann, in the presence of and by his counsel, also pleaded guilty to these two other indictments.

Thereupon, pursuant to the quite uniform custom and practice in this court, a full account was heard from various witnesses as to the circumstances and details of the robbery, and the interstate transportation of a stolen automobile apparently used by the robbers to travel from New York to Baltimore, and an opportunity was given to all parties in interest and present at the time to address the court with respect to sentences appropriate to the circumstances. As a result of the whole proceedings and after an opportunity was given to the defendant to say what, if anything, he desired to say, which, as I recall it, was nothing further, the sentence was pronounced of twenty years' imprisonment on indictment No. 23017, and thereafter the sentence of five years for transportation of the stolen property under indictment No. 23023, but to run concurrent with the twenty year sentence imposed under No. 23017; and another like sentence of five years concurrent with the twenty year sentence under No. 23017 was imposed on the plea of guilty under indictment No. 23024.

No appeal was taken from any of these sentences; but on June 5, 1957 McGann, then I believe at Leavenworth Prison, filed a petition for habeas corpus treated as a petition under section 2255. The contention was that the sentence under No. 23017 was invalid because the indictment in the case was not correctly drawn to cover an armed bank robbery. On review of the case at that time I filed an opinion and order dismissing the motion. An appeal was taken from this order which was affirmed in a per curiam opinion by the Court of Appeals for the Fourth Circuit (November 13, 1957) 249 F.2d 431, cert. den. 356 U.S. 923, 78 S.Ct. 708, 2 L.Ed.2d 718.

McGann's *second* motion under section 2255 was filed April 24, 1958. It based the motion for vacation of sentence of twenty years under No. 23017 on the ground that No. 23024, which also charged a bank robbery, was duplicitous with No. 23017, and the five year sentence under No. 23024, although concurrent with the twenty year sentence, made the twenty year sentence itself invalid as *double punishment*. I wrote an extended opinion in the case reviewing the whole proceedings in detail and signed an order dismissing this second petition. See D. C. 161 F.Supp. 629. No appeal was directly taken therefrom but on May 23, 1958 McGann filed his *third* motion for vacation of sentence on almost identically the same grounds as was stated in his second motion. From a short memorandum opinion and order dismissing this third motion, McGann did appeal and the order was affirmed in a full opinion by Chief Judge Soboloff for the Court of Appeals December 13, 1958, reported in 4 Cir., 261 F.2d 956, cert. den. 359 U.S. 974, 79 S.Ct. 891, 3 L.Ed.2d 841.

On June 22, 1959 McGann filed his *fourth* motion for vacation of sentence. The substance of that motion was that the concurrent sentence of five years under No. 23024 constituted double jeop-

ardy after the imposition of sentence under No. 23017. Again I reviewed the case and wrote a short memorandum accompanying an order dismissing the motion. Again McGann appealed to the Fourth Circuit where the court appointed counsel to represent him on the appeal but before the case was argued on the legal merits of the appeal it was voluntarily dismissed by counsel.

This *fifth* motion was filed November 17, 1961. When compared with the former fourth petition it is hard to find any real difference between the two except perhaps in the language used to refer to federal constitutional provisions with regard to double jeopardy. The well known language of the 5th Amendment reads:

" * * * Nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb."

McGann's contention is that the five year concurrent sentence under No. 23024 constituted double punishment and therefore double jeopardy. In supposed support of that contention he now refers to two quite recent federal cases; Abbate v. United States, 359 U.S. 187, 79 S.Ct. 666, 3 L.Ed.2d 729, where the majority opinion of the court was written by Mr. Justice Brennan; but McGann particularly refers to some expressions in the separate individual opinion of Mr. Justice Brennan; and also the case of United States v. Sabella, 2 Cir., 272 F.2d 206. I think it is sufficient to say that a reading of these opinions will show that they have no application to the facts of McGann's case. Shortly stated, each opinion is to the effect that where there are two federal indictments charging criminal offenses based on the same factual situation only, the defendant cannot be required to defend the second case when called by reason of the constitutional provisions. Attention is called to the trouble and expense to which the defendant so proceeded against would be put and that when the second indictment is called by the prosecutor the defendant may then at once interpose the constitutional defenses. It is, I think, quite apparent that

these two cases thus have no application to the facts of McGann's case. He was not required to go to the trouble and expense of defending indictment No. 23024 but voluntarily, with the advice of counsel, pleaded guilty to the charge and no additional confinement was imposed by reason of the plea to the second case as the five year sentence was made concurrent with that in No. 23017. As I have pointed out in one of the former opinions in this series of motions by McGann, the disposition made by the court on McGann's plea of guilty in No. 23024 was really to his advantage in the several cases pending against him.

In passing, it is perhaps relevant to call attention to the fact previously stated that McGann was only one of three men participating in this bank robbery. The others who were also indicted, were Earl Kill Smith and Henry John Foster. They were arrested and their cases disposed of, also after appointment of counsel to represent them and on their respective pleas of guilty. They also respectively have heretofore filed motions for vacation of sentence under section 2255. D.C., 150 F.Supp. 463, affd. 4 Cir., 250 F.2d 37; cert. den. 355 U.S. 965, 78 S.Ct. 555, 2 L.Ed.2d 540, and D.C., 163 F.Supp. 417, affd. Smith v. United States, 4 Cir., 262 F.2d 590.

It may also be noted that in addition to McGann's several motions in this court he has made similar contentions as to alleged invalidity of the twenty year sentence by proceedings in other courts. Particularly see his habeas corpus petition while confined at Leavenworth to the District Court of Kansas where his petition was denied and the action of the District Judge in doing so was affirmed in a per curiam opinion by the Tenth Circuit in McGann v. Taylor, 289 F.2d 820 (1961). In that opinion it is particularly to be noted that the court pointed out that the twenty year sentence was the dominant one of the several sentences and that the sentence of five years in No. 23024 was really dependent thereon, and that if the latter was invalid the former was not thereby invalidated.

Accordingly, this 5th repetitive motion of McGann is hereby dismissed on the ground that this court does not feel that it should give further consideration to the matter. It is so ordered this 20th day of December 1961.

The Clerk is instructed to send a copy of this order and memorandum to the petitioner.