Clarence Duke McGANN, 20205-145,
Appellant,

v.

U. S. BOARD OF PAROLE & M. R.
Hogan, (Warden).

No. 73-1482.

United States Court of Appeals,
Third Circuit.

Submitted Nov. 5, 1973.
Decided Nov. 14, 1973.

Clarence Duke McGann, pro se.

John L. Murphy, and Murray R. Stein, U. S. Dept. of Justice, Washington, D. C., S. John Cottone, U. S. Atty., Harrisburg, Pa., Harry A. Nagle, Lewisburg, Pa., for appellees.

Before VAN DUSEN, HUNTER and GARTH, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM:

This appeal challenges a district court order denying a petition for a writ of habeas corpus by a federal prisoner, alleging that his extradition from Jamaica and subsequent confinement as a parole violator are illegal. See McGann v. U. S. Board of Parole & M. R. Hogan, Warden, 356 F.Supp. 1060. Opinion of 4/6/73 (M.D.Pa., H.C.No.1481).

Petitioner was sentenced to 20 years' imprisonment in 1954 by the United States District Court for the District of Maryland upon his guilty plea to bank robbery. In June 1955, he entered another guilty plea to another charge of bank robbery in the United States District Court for the Southern District of New York and was sentenced to 20

years' imprisonment, subsequently reduced to 19, to run concurrently with the Maryland sentence.[1] In 1966, he was paroled with approximately 2950 days remaining to be served on his Maryland sentence. A condition of this parole was that he was to remain in the Southern District of New York. On April 10, 1969, the U. S. Board of Parole issued a parole violation warrant, charging, *inter alia,* that he had left the Southern District of New York without permission.

By the summer of 1969, the U. S. Department of Justice, having learned that petitioner had left the United States and gone to Jamaica, started initial steps to extradite petitioner from Jamaica to this country under a treaty (47 Stat. 2122) between the United States and the United Kindgom which is applicable to Jamaica.[2] After hearing, petitioner was extradited for bank robbery, the offense underlying his status as a parolee, which offense is an extraditable offense under the treaty.[3]

After a parole revocation hearing in New York in April 1972, his parole was revoked by the U. S. Board of Parole on May 2, 1972, on the ground that he had left the Southern District of New York without permission.

## I.

■■ We reject petitioner's contention that his extradition was invalid. The holding of Johnson v. Browne, 205 U.S. 309, 316, 27 S.Ct. 539, 51 L.Ed. 816 (1907), precludes any review of the Jamaican court's decision as to the extraditable nature of the offense, and petitioner's arguments as to the illegality of American actions in regard to the extradition are all without merit. He was properly extradited for conviction and sentence of the basic bank robbery offense.[4]

## II.

■ Appellant's contention that the petitioner's "present incarceration is in violation of [the above-mentioned] treaty" is rejected. The petitioner's reliance on the treaty language (Article 7) that appellant shall not be kept in custody for ". . . any other crime or offense, or on account of any other matters than those for which the extradition shall have taken place . . ." is misplaced. Although violation of the terms

---

1. A third sentence of 12 years' imprisonment for another bank robbery was imposed by the United States District Court for the Eastern District of New York. See McGann v. United States, 362 U.S. 214, 80 S.Ct. 629, 4 L.Ed.2d 666 (1960).

   Petitioner has had a series of collateral attacks on his Maryland sentence, including McGann v. United States, 249 F.2d 431 (4th Cir. 1957), cert. denied, 356 U.S. 923, 78 S. Ct. 708, 2 L.Ed.2d 718 (1958); United States v. McGann, 161 F.Supp. 629 (D.Md. 1958); McGann v. United States, 261 F.2d 956 (4th Cir. 1958), cert. denied, 359 U.S. 974, 79 S.Ct. 891, 3 L.Ed.2d 841 (1959); McGann v. Taylor, 289 F.2d 820 (10th Cir.), cert. denied, 368 U.S. 904, 82 S.Ct. 182, 7 L.Ed.2d 98 (1961); McGann v. United States, 200 F.Supp. 633 (D.Md.1961); McGann v. United States, 370 U.S. 948, 82 S. Ct. 1594, 8 L.Ed.2d 814 (1962); McGann v. United States, 372 U.S. 929, 83 S.Ct. 876, 9 L.Ed.2d 734 (1963). In McGann v. United States, 233 F.Supp. 419 (D.Md.1964), aff'd, 347 F.2d 986 (4th Cir. 1965), leave to file petition for a writ of habeas corpus denied

sub nom., McGann v. Richardson, 382 U.S. 1007, 86 S.Ct. 632, 15 L.Ed.2d 536 (1966), petitioner's collateral attack on the voluntariness of his guilty plea was dismissed after an evidentiary hearing at which he was represented by counsel.

   As to petitioner's sentence in the Southern District of New York, see United States v. McGann, 245 F.2d 670 (2d Cir. 1957); McGann v. United States, 371 U.S. 866, 83 S.Ct. 129, 9 L.Ed.2d 104 (1963); McGann v. United States, 390 U.S. 1030, 88 S. Ct. 1422, 20 L.Ed.2d 287 (1968).

2. Petitioner is a Jamaican citizen due to the citizenship of his parents, but is also a United States citizen because of birth in this country.

3. The decision of the hearing court was upheld by the Supreme Court of Appeal of Jamaica on September 22, 1971.

4. See 6 Whiteman, Digest of International Law (1968), at 796–97; In re Edmondson, 352 F.Supp. 22 (D.Minn.1972); see also McGann v. U. S. Board of Parole & M. R. Hogan, Warden, *supra.*

of parole was the reason for his re-confinement, the crime (18 U.S.C. § 2113(d)) for which he is being held is the bank robbery for which he was convicted by the United States District Court for the District of Maryland. See McGann v. United States, 249 F.2d 431 (4th Cir. 1967); United States v. McGann, 161 F.Supp. 629 (D.Md.1958); United States v. McGann, 150 F.Supp. 463 (D.Md.1957).

### III.

The other contentions of petitioner have been considered and rejected.[5]

The April 6, 1973, district court order will be affirmed.

[5.] These contentions include the following: (1) that the U. S. Board of Parole does not have the authority to enter into international extradition proceedings in order to obtain the presence of an alleged parole violator for hearings as to the revocation of his parole; (2) that the Secretary of State did not have the authority to issue a warrant of arrest for the appellant, directed to the Jamaican government, based upon an alleged parole violation; (3) that the petitioner cannot be classified as a fugitive criminal for alleged parole violation.