51 F.3d 269
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
James Bernard LOWERY, Defendant-Appellant.
 No. 94-5025.
 United States Court of Appeals, Fourth Circuit.
 Argued Feb. 3, 1995.
Decided March 31, 1995.
 
 ARGUED: Marshall Anthony Swann, Charlotte, NC, for Appellant. William A. Brafford, Assistant United States Attorney, Charlotte, NC, for Appellee. ON BRIEF: Mark T. Calloway, United States Attorney, Charlotte, NC, for Appellee.
 Before WIDENER and HALL, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 James Lowery appeals his conviction for possessing a firearm in violation of 18 U.S.C. Sec. 922(g). Because Lowery alleges no error that could have affected the outcome of his trial, we affirm.
 
 I.
 
 2
 On March 2, 1992, the Charlotte police received a report of a "suspicious vehicle" parked in the back lot of a Pizza Hut. The officers who responded to the call asked the two men seated in the car to get out. After Lowery had exited the driver's side, one of the officers frisked him and discovered a semi-automatic pistol inside his front pants pocket.
 
 
 3
 Lowery had previously been convicted of kidnapping and common law robbery in 1984, and, according to the terms of his 1991 parole agreement, was prohibited from carrying a firearm. On February 4, 1993, the grand jury indicted Lowery on a single count of felon-in-possession; the indictment, however, listed both of Lowery's 1984 convictions as the predicate offense on which the government would rely to establish that element of the crime.[1] Lowery was arraigned before a magistrate on July 13, 1993. At the hearing's conclusion, the magistrate entered an order stating that "[a]ll pretrial motions ... must be filed within fifteen (15) days from the date of this Arraignment Order.... Motions not timely filed will be summarily denied." The order, which was not included in the Joint Appendix, did not define the term "pretrial motions."
 
 
 4
 The only notation in the docket reflecting a motion made within the requisite fifteen-day period is a July 15 entry for "standard criminal discovery motions." Other than a motion for a bond review hearing, no other motions were made prior to Lowery's trial on October 12, 1993.
 
 
 5
 The district court's first order of business that morning was to impanel the jury. As part of that process, the court summarized the indictment for the venire, specifically mentioning that Lowery was named within as having been previously convicted of kidnapping and robbery. Lowery's counsel did not object to the court's comments. After the jury had been impaneled, the court turned to its second order of business: ruling on two written defense motions. One of the motions, styled "motion in limine," asked the court to instruct the government not to refer to the nature of any of Lowery's prior convictions; Lowery instead offered to stipulate that he was a convicted felon.
 
 
 6
 Everyone in the courtroom was aware, of course, that the district court had, just moments before, done the precise thing that the defense was now requesting that the government be forbidden to do. The court merely stated that "I'm going to give the indictment to the jury," and denied Lowery's motion. Several times during the four-hour trial, the government and its witnesses referred to the nature of Lowery's 1984 convictions, and copies of the judgments were admitted into evidence. The court again read the indictment during the jury instructions, and the indictment was given to the jury to consider in its deliberation. Thirty-five minutes after the jury had retired, it returned a verdict finding Lowery guilty as charged.
 
 
 7
 On appeal, Lowery maintains that, under United States v. Poore, 594 F.2d 39, 41-43 (4th Cir.1979), the government was required to accept his stipulation of a previous conviction. Lowery further contends that the district court erred in allowing the government to offer proof of more than the one conviction needed to establish the "felon" element of a felon-in-possession charge. For its part, the government argues, inter alia, that Lowery waived his right to contest the nature or number of the predicate offenses by failing to make an appropriate motion within fifteen days of the magistrate's arraignment order.
 
 II.
 
 8
 Whether certain motions relating directly to the conduct of a trial are susceptible to waiver according to the terms of a routine pretrial order, whether Poore requires the government to accept a defense stipulation to a prior conviction where the nature of the prior and instant offenses are dissimilar, and whether the government may offer evidence of more than one predicate offense in a felon-in-possession prosecution are all novel and potentially complex legal questions. We do not believe, however, that this case is an appropriate vehicle for rendering answers to any of them.
 
 
 9
 We say this because, even had the jury not been informed of the nature and number of Lowery's prior convictions, it still would have had no choice but to find him guilty. Had Lowery been allowed to stipulate to being a convicted felon, the jury would have then only had to find that he (1) had knowingly possessed a firearm that (2) had traveled in interstate commerce. See note 1, supra.[2] As to the latter point, an ATF agent offered uncontroverted testimony that the firearm at issue had traveled in interstate commerce.
 
 
 10
 The lone remaining question for the jury, then, was whether Lowery had knowingly possessed the firearm. Proving possession is frequently the government's primary difficulty in a Section 922(g) prosecution because it is usually stuck with a theory of constructive possession. See, e.g., United States v. Blue, 957 F.2d 106 (4th Cir.1992). The government, needless to say, had no such worries in this case. The gun with which Lowery was charged with illegally possessing was not found on his companion or elsewhere in the car; it was found in his pocket.
 
 
 11
 "Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded." Fed.R.Crim.P. 52(a). As an illustration of the harmless error doctrine, Lowery's case may be the Platonic ideal.
 
 
 12
 AFFIRMED.
 
 
 
 [1]
 Section 922 provides:
 (g) It shall be unlawful for any person--
 (1) who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year; ... to ... possess in or affecting commerce, any firearm or ammunition....
 Lowery's criminal career did not begin in 1984. He was convicted of breaking and entering in 1977, and of robbery in 1978. Though the indictment did not mention these earlier convictions, the government issued notice to Lowery prior to trial that it would rely on them to seek an enhanced sentence under the "armed career criminal" provisions of 18 U.S.C. Sec. 924(e).
 
 
 [2]
 In United States v. Essick, 935 F.2d 28, 31 (4th Cir.1991), we noted that the government had the additional burden of proving that the defendant's civil rights had not been restored under state law. Lowery does not contest the sufficiency of the government's evidence as to this matter, however