James Bernard LOWERY, Petitioner,

v.

UNITED STATES of America,
Respondent.

No. 3:99–CV–73–P.

No. 3:93-CR-37-01-P.

United States District Court,
W.D. North Carolina,
Charlotte Division.

March 5, 1999.

James Bernard Lowery, pro se.

AUSA, William Bradford, for defendant.

## ORDER

ROBERT D. POTTER, Senior District Judge.

**THIS MATTER** is before the Court on Petitioner's "Petition for Habeas Corpus under 28 U.S.C. § 2241" [document no. 1, filed February 24, 1999].

### I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On October 12, 1993, a jury found Petitioner guilty of a federal firearms violation. On November 16, 1993, Petitioner was sentenced to 262 months imprisonment, based in part on his prior criminal history. *United States v. Lowery,* No. 3:93–CR–37–01–P (W.D.N.C.). Petitioner appealed his conviction, but the United States Court of Appeals for the Fourth Circuit affirmed the Court's judgment, observing: "As an illustration of the harmless error doctrine, Lowery's case may be the Platonic ideal." *United States v. Lowery,* 51 F.3d 269, 1995 WL 139337 (4th Cir.1995) (unpublished).

On July 3, 1996, Petitioner filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, claiming ineffective assistance of counsel. On June 22, 1996, the Court denied and dismissed Petitioner's action, finding the motion to be "frivolous." *Lowery v. United States,* No. 3:96–CV–272–P, slip op. at 1 (W.D.N.C. June 22, 1996). Petitioner appealed the dismissal to the Fourth Circuit, which procedurally terminated the appeal pursuant to Rule 42(b) of the Federal Rules of Appellate Procedure. *Lowery v. United States,* No. 97–7297 (4th Cir. Sept. 27, 1996).

On February 24, 1999, Petitioner filed the instant petition, which, again, asserts ineffective assistance of counsel and raises the same issues dismissed by the Fourth Circuit in Petitioner's criminal case. While Petitioner purportedly filed the instant petition under 28 U.S.C. § 2241, he referred to it in his cover letter as a "Motion Under 28 USC 2255." (Letter from Pet'r to Ct. of 2/22/99.)

## II. DISCUSSION AND ANALYSIS

■ A court will not entertain a § 2241 petition unless a motion under § 2255 is "inadequate or ineffective to test the legality of [an inmate's] detention." 28 U.S.C. § 2255 (1999); *see Swain v. Pressley,* 430 U.S. 372, 381, 97 S.Ct. 1224, 51 L.Ed.2d 411 (1977). Petitioner bears the burden of showing the inadequacy or ineffectiveness of a § 2255 motion. *See McGhee v. Hanberry,* 604 F.2d 9, 10 (5th Cir.1979).

■ Petitioner has failed to present any facts showing that a § 2255 motion provides an inadequate remedy. Although he has brought a prior unsuccessful § 2255 motion, this fact alone does not establish that the remedy is inadequate—especially when the issues raised in the instant motion are virtually identical to the issues raised in his previously dismissed § 2255 motion. *In re Vial,* 115 F.3d 1192, 1194 n. 5 (4th Cir.1997). The instant petition is therefore Petitioner's second motion under § 2255.

A "second or successive motion" attacking a sentence cannot be filed without first seeking certification from the appropriate court of appeals. 28 U.S.C. §§ 2255, 2244; *McGann v. United States,* 261 F.2d 956, 958 (4th Cir.1958), *cert. denied,* 359 U.S. 974, 79 S.Ct. 891, 3 L.Ed.2d 841 (1959). The Fourth Circuit has not authorized this Court to consider Petitioner's second § 2255 motion. Therefore, the Court must dismiss it.

**NOW, THEREFORE, IT IS OR-DERED** that Petitioner's "Petition for Habeas Corpus under 28 U.S.C. § 2241" [document no. 1] be, and hereby is, **DENIED.**

The Clerk is directed to certify copies of this Order to Petitioner and to the United States Attorney for the Western District of North Carolina.