UNITED STATES of America,
Appellee,

v.

Ramon REYES, also known as "Tito"; Humberto Santiago, also known as "Zeta"; Luis Torruella, also known as "Aguacate"; Jose Mannuel, also known as "Papongo"; Victor Paulino; Julio Paulino, also known as "Papo", also known as "Pago"; Ramon Sosa, also known as Tony Porsche; Luis Nunez, also known as "Polvora"; Felix Sosa, also known as "Napo"; Luis Reyes, also known as "Papito"; Rafael Reyes, also known as "Flaco", also known as "Rafaelito"; Miguel Pons; Adolpho Cruz–Hernandez; Dario Genao; Felix Roman; Ramon Bueno, also known as "Colita", Defendants,

Maximo Reyes, Defendant–Appellant.

Docket No. 02–1573.

United States Court of Appeals,
Second Circuit.

May 30, 2003.

Cheryl J. Strum, Chadds Ford, PA, for Appellant.

David C. Esseks, Assistant United States Attorney (James B. Comey, United States Attorney for the Southern District of New York, Gary Stein, Assistant United States Attorney, on the brief), New York, NY, for Appellee.

PRESENT: WALKER, Chief Judge, OAKES, and NEWMAN, Circuit Judges.

## SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 30th day of May, two thousand and three.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of said district court be and it hereby is AFFIRMED.

Appellant Maximo Reyes appeals from his judgment of conviction, following a guilty plea, of racketeering in violation of 18 U.S.C. § 1962(c) and with conspiracy to commit murder in aid of racketeering in violation of 18 U.S.C. § 1959(a)(5). In May 1998, Judge Sand sentenced Reyes principally to 30 years imprisonment. We affirm.

Acting pro se, Reyes filed three post-sentencing motions. In August 2001, Reyes filed a pro se petition to mandamus the United States Attorney's Office to file a motion pursuant to Fed.R.Crim.P. 35(b) on his behalf. In February 2002, Reyes filed a motion for permission to file an untimely motion pursuant to 28 U.S.C. § 2255, which was accompanied by an untimely § 2255 motion.

In his mandamus petition, Reyes made several arguments, including, *inter alia*, (1) that the government violated his right to due process by failing to move pursuant to Rule 35 to reduce his sentence in accordance with an unwritten agreement entered into by the parties, and (2) that his defense attorney made material misrepresentations to him prior to entering the plea, thus duping him into pleading guilty. In his motion to file an untimely § 2255 petition, Reyes argued that the court should apply equitable tolling to his § 2255 because, *inter alia*, he was convinced by his defense attorney not to file a

§ 2255 motion, and the government misrepresented that it would file a Rule 35 motion on his behalf after two or three years of serving his sentence. In an order dated May 9, 2002, the district court denied the mandamus petition and the motion to file an untimely § 2255 motion on the grounds that (1) it was inherently incredible that an Assistant United States Attorney ("A.U.S.A.") would promise Reyes Rule 35 relief given the enormity of the crimes Reyes committed, and (2) even assuming the existence of an unwritten promise, Reyes had failed to allege what assistance he (or someone on his behalf) had provided to the government that would warrant Rule 35(b) relief.

On May 18, 2002, after having retained a new attorney, Reyes filed a Rule 59 motion to alter or amend the district court's May 9, 2002 order. Reyes's attorney argued that the district court had erred by dismissing Reyes's mandamus petition and motion to file a § 2255 motion without first holding an evidentiary hearing. Judge Sand denied Reyes's Rule 59 motion, after oral argument, on the same grounds on which he denied the two pro se motions.

Through counsel on appeal, Reyes contends that Judge Sand erred in denying his Rule 59 motion because of the numerous purported errors in the May 9, 2002 order denying his petition for mandamus and the motion to file an untimely § 2255:(1) he abused his discretion by failing to hold an evidentiary hearing prior to issuing his May 9, 2002 order; (2) he improperly credited the sworn affidavits submitted by A.U.S.A. Esseks and Reyes's defense attorney; (3) he erroneously concluded that Reyes had failed to allege that he provided substantial post-sentence cooperation to the government, and that a government promise for Rule 35 to someone of Reyes's criminal background was incredible; and (4) he failed to liberally construe Reyes's pro se pleadings. Reyes's counsel urges two separate theories on appeal: "(a) the AUSA promised to file a Rule 35(b) motion but reneged on the promise and/or (b) the AUSA and/or the defense attorney tricked Maximo Reyes into entering guilty plea."

In considering whether an evidentiary hearing was necessary to resolve Reyes's mandamus petition and motion to file an untimely § 2255 motion, the district court and the parties used the standards that apply when determining the necessity of a hearing for a § 2255 petition. Assuming arguendo that those heightened standards apply in the instant case, we conclude that the district court did not err in dismissing the instant petition for mandamus and motion to file an untimely Section 2255 motion without first holding an evidentiary hearing.

We review a district court's denial of an evidentiary hearing on a § 2255 motion for abuse of discretion. *See Chang v. United States*, 250 F.3d 79, 82 (2d Cir.2001). Pursuant to § 2255, a district court should not ordinarily dismiss a petition for habeas corpus without an evidentiary hearing or other fact-finding "unless the motion and the files and records of the case conclusively show that a petitioner is entitled to no relief." 28 U.S.C. § 2255; *see United States v. Aiello*, 814 F.2d 109, 113 (2d Cir.1987). However, when a § 2255 petition does not "contain [an] assertion[ ] of fact that petitioner is in a position to establish by competent evidence," no evidentiary hearing is required. *Aiello*, 814 F.2d at 113. *See also, Newfield v. United States*, 565 F.2d 203, 207 (2d Cir.1977). "The critical question is whether [defendant's] allegations, when viewed against the record of the plea hearing, were so 'palpably incredible,' ... so 'patently frivolous or false' as to warrant summary dismissal." *Blackledge v. Allison*, 431 U.S.

63, 76, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977) (citations omitted).

In the instant case, we find that Reyes's allegations, even as presented by counsel in the Rule 59 motion, are both "palpably incredible" and frivolous. First, as the district court found, Reyes baldly asserts that he provided assistance to the government, but provides no evidentiary facts concerning that cooperation or how it "substantial[ly] assist[ed]" the government. *See* Fed. R.Crim. Pro. 35(b). His allegations are full of "airy generalities [and] conclusory assertions" that do not warrant an evidentiary hearing. *See Aiello,* 814 F.2d at 113. We need not consider whether it was improper for the district court to consider the affidavits submitted by A.U.S.A. Esseks and Reyes's defense counsel because, even absent those affidavits, Reyes's motions did not warrant an evidentiary hearing.

Reyes also argues that his guilty plea was involuntary because his defense attorney and A.U.S.A. Esseks promised that the government would move for Rule 35(b) relief in exchange for his guilty plea. Assuming arguendo that this argument is properly before this court on appeal, it is without merit. At his Rule 11 allocution, Reyes declared that "there [were no] promises or representations made to [him] in connection with the offer to plead guilty other than what is set forth in [the Agreement]." Absent credible reasons for rejecting appellant's sworn statements in a plea agreement or at a Rule 11 allocution, such statements establish that the plea was entered knowingly and voluntarily. *See Blackledge,* 431 U.S. at 74 (a defendant's statements during a plea allocution are to be given a "strong presumption of verity"). Thus, where a petitioner's claim is "vague or conclusory" or "palpably incredible," *Machibroda v. United States,* 368 U.S. 487, 495, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962), and "squarely contradicted by his own statement at the . . . plea proceedings that no one had promised him anything of any kind to plead guilty," *Seiller v. United States,* 544 F.2d 554, 568 (2d Cir.1975), the district court can dismiss the claim without an evidentiary hearing. Reyes's allegations of involuntariness are sufficiently conclusory and incredible in contrast to the solid Rule 11 allocution to warrant dismissal.

We have considered Reyes's other arguments and find them to be without merit.

For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED.**