

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-23-2008

# Reyes-Vasquez v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4498

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Reyes-Vasquez v. Atty Gen USA" (2008). *2008 Decisions*. Paper 55.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/55

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**ALD-49**                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————————

No. 07-4498

———————————

MAXIMO A. REYES-VASQUEZ,
                                        Appellant,

v.

UNITED STATES ATTORNEY GENERAL;
EMBASSY OF THE REPUBLIC DOMINICAN;
REPUBLIC OF SANTO DOMINGO

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(M.D. Pa. Civ. No. 07-cv-01460)
District Judge: Honorable A. Richard Caputo

_____

Submitted on a Motion for Summary Affirmance Pursuant
to Third Circuit LAR 27.4 and I.O.P. 10.6
December 11, 2008

Before: SLOVITER, FUENTES and JORDAN, <u>Circuit Judges</u>

Opinion filed: December 23, 2008

———————————

OPINION

———————————

PER CURIAM

    Appellant Maximo A. Reyes-Vasquez, a federal prisoner, is currently serving a

term of imprisonment of 30 years at the Federal Correctional Institution – Allenwood in

White Deer, Pennsylvania. On March 7, 1991 a warrant for his arrest was issued by Magistrate Judge Naomi Reice Buchwald of the United States District Court for the Southern District of New York on charges of racketeering, drug trafficking and murder. On July 10, 1997, the United States Embassy requested his extradition pursuant to the Extradition Treaty between the United States and the Dominican Republic of June 19, 1909, 36 Stat. 2468.

On August 12, 1997, President Leonel Fernandez of the Dominican Republic signed a decree to extradite Reyes-Vasquez. He then was transported from the Dominican Republic to the United States and placed under arrest. He pleaded guilty to racketeering and conspiracy to commit murder, and was sentenced to a total term of imprisonment of 30 years. He did not directly appeal his conviction and sentence, nor did he file a timely collateral appeal under 28 U.S.C. § 2255. See Reyes v. United States, 2002 WL 975673 (S.D.N.Y. 2002) (denying petition for writ of mandamus), aff'd, United States v. Reyes, 67 Fed. Appx. 35 (2d Cir. 2003).

Relevant to the instant appeal, in August 2007, Reyes-Vasquez filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in United States District Court for the Middle District of Pennsylvania, challenging his extradition 10 years earlier from the Dominican Republic. Following the filing of a Report and Recommendation by the Magistrate Judge, the District Court dismissed the petition for lack of jurisdiction. See 28 U.S.C. § 2441(c)(3) (habeas corpus petitioner must allege that "[h]e is in custody in

2

violation of the Constitution or laws or treaties of the United States"). Reyes-Vasquez had contended only that he was unlawfully extradited in contravention of Dominican Republic national law and not United States law. The District Court held that it must abstain under the "state doctrine" from declaring that Dominican Republic laws were violated by Reyes-Vasquez's extradition. See Gross v. German Foundation Indus. Initiative, 456 F.3d 363, 391 (3d Cir. 2006) (citing Banco Nacional de Cuba v. Sabbatino, 376 U.S. 398, 401 (1964)).

Furthermore, individuals may not ordinarily challenge the interpretation of a treaty. The extradition Treaty contained no express provision for an individual to challenge its interpretation, and the Dominican Republic, by Presidential decree, expressly authorized and consented to Reyes-Vasquez's extradition, and did not object to his prosecution. See United States v. Riviere, 924 F.2d 1289, 1300-1301 (3d Cir. 1991) (individuals have no standing to challenge violations of international treaties in absence of protest by sovereigns involved). Therefore, assuming that Reyes-Vasquez sought to challenge the interpretation of the Treaty, rather than the interpretation of Dominican Republic law, he also could not proceed with his claim.

Last, any challenge to the validity of the treaty, see United States ex rel. Saroop v. Garcia, 109 F.3d 165, 168 (3d Cir. 1997), would fail on the merits for the same reason. President Fernandez's actions were dispositive of the question of validity, id. at 170, in that he signed the decree to extradite Reyes-Vasquez. Furthermore, there was no merit to

3

Reyes-Vasquez's claim of a "forcible abduction," because a person is still subject to a court's jurisdiction in that case if the Treaty does not *expressly* prohibit forcible abductions. Ker v. People of State of Illinois, 119 U.S. 436, 438-39 (1886). See also United States v. Alvarez-Machain, 504 U.S. 655, 661 (1992) (power of court to try individual is not impaired by reason of his having been brought within court's jurisdiction by force). Nor was there merit to his claim that he was not tried for the crime for which he was extradited in violation of Article IV of the Treaty and United States v. Rauscher, 119 U.S. 407, 420 (1886) (extradited individual could only be tried for specific offenses for which extradition was sought, pursuant to "rule of specialty").[1]

Reyes-Vasquez appeals.[2] The U.S. Attorney General has filed a motion for summary affirmance, which Reyes-Vasquez has opposed in writing.

We will grant the government's motion for summary action and summarily affirm the order of the District Court dismissing the habeas corpus petition. Under Third Circuit LAR 27.4 and I.O.P. 10.6, we may summarily dispose of an appeal when it clearly appears that no substantial question is presented by the appeal. We have jurisdiction under 28 U.S.C. § 1291. We have carefully reviewed the record, and we conclude that the District Court properly addressed, analyzed, and disposed of the habeas corpus claims.

---

[1] The rule of specialty is designed to guarantee the surrendering nation that the extradited individual will not be subject to indiscriminate prosecution by the receiving government, especially for political crimes. Saroop, 109 F.3d at 168 n.6 (citing Fiocconi v. U.S. Attorney Gen., 462 F.2d 475, 481 (2d Cir. 1972)).

[2] Reyes-Vasquez's motion to proceed in forma pauperis is granted.

4

In his opposition to the government's motion for summary affirmance, Reyes-Vasquez challenges the validity of President Fernandez's action in extraditing him. He notes that the President's action was never upheld by the High Court of the Dominican Republic. Nevertheless, we agree with the District Court that President Fernandez's Decree No. 346-97 is an "official act of a foreign sovereign" within the meaning of the state doctrine, see Gross, 456 F.3d at 391, and thus it is appropriate for United States federal courts to abstain from declaring it invalid under Dominican Republic domestic law. See Banco National, 376 U.S. at 401 (under act of state doctrine, American courts are precluded from "inquiring into the validity of the public acts a recognized foreign sovereign power committed within its own territory"). In Reyes-Vasquez's case, whether President Fernandez may lawfully authorize his extradition despite a prohibition under Dominican Republic law is a question for the courts of the Dominican Republic. Id. at 416-18.

Reyes-Vasquez also repeats his argument that, although he was extradited for drug trafficking, he was prosecuted for murder. However, the United States Embassy's extradition request specifically noted that Reyes-Vasquez was being charged with, among other things, one count of racketeering activity (murder) and one count of conspiracy to traffic in cocaine. He subsequently pleaded guilty to a racketeering charge and conspiracy to commit murder, both of which were included in the request for his extradition. The District Court thus properly held that neither Rauscher, 119 U.S. 407, nor Article IV of the Treaty, was violated. Although the extradition Treaty between the

5

United States and the Dominican Republic, at Article IV, states that no person shall be tried for an offense other than that for which he was surrendered, Reyes-Vasquez's claim focuses on the dismissal of the original indictment and the filing of a superseding indictment. Although Reyes-Vasquez may have pleaded guilty to a superseding indictment, the Treaty only protects him to the extent that he could not be tried for any crime other than that for which he was surrendered, and he plainly was not.

For the foregoing reasons, we will grant the government's motion and summarily affirm the order of the District Court dismissing the habeas corpus petition.