**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1176
_____

MAXIMO REYES-VASQUEZ,
                              Appellant

v.

WILLIAM SCISM

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3-10-cv-01835)
District Judge:  Honorable Richard Caputo
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 1, 2013

Before: AMBRO, HARDIMAN and ROTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed February 26, 2013)
_____

OPINION
_____

PER CURIAM

        Maximo A. Reyes-Vasquez, a federal prisoner proceeding pro se, appeals from the

dismissal of his habeas corpus petition filed pursuant to 28 U.S.C. § 2241.  We will

affirm.

I.

Reyes-Vasquez is serving a thirty-year term of imprisonment at the Federal Correctional Institution – Allenwood in White Deer, Pennsylvania. On March 7, 1991, a warrant for his arrest was issued on charges of racketeering, drug trafficking, and murder. On July 10, 1997, the United States Embassy requested his extradition from the Dominican Republic pursuant to the Convention for the Mutual Extradition of Fugitives from Justice, U.S.-Dom. Rep., June 19, 1909, 36 Stat. 2468 ("Extradition Treaty").

On August 12, 1997, President Leonel Fernandez of the Dominican Republic signed an executive decree to extradite Reyes-Vasquez. He was transported from the Dominican Republic to the United States and placed under arrest. Reyes-Vasquez pled guilty to racketeering and conspiracy to commit murder. He did not directly appeal his conviction and sentence, nor did he timely seek collateral review under 28 U.S.C. § 2255. See Reyes v. United States, Nos. 02 Civ. 1665, S(6)91CR358, 2002 WL 975673 (S.D.N.Y. May 9, 2002).

In 2008, Reyes-Vasquez filed a motion pursuant to Rule 60(d)(3) of the Federal Rules of Civil Procedure seeking to have the judgment set aside and claiming that the prosecution perpetrated a fraud on the court by not disclosing information regarding Reyes-Vasquez's extradition from the Dominican Republic. The District Court denied the Rule 60(d)(3) motion. Reyes v. United States, No. 91 Cr. 0358, 2008 WL 4861704 (S.D.N.Y. Nov. 10, 2008).

In August 2007, Reyes-Vasquez filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the Middle District of Pennsylvania. The District Court dismissed the petition. The District Court first determined that insofar as Reyes-Vasquez challenged the validity of President Fernandez's authorization of Reyes-Vasquez's extradition, he lacked standing to file a petition for writ of habeas corpus due to the "act of state doctrine."[1] Second, the District Court addressed the merits of Reyes-Vasquez's claim that his conviction violated the "rule of specialty," which was raised in an objection to the Magistrate Judge's report and recommendation.[2] Reyes-Vasquez claimed that his extradition contravened the Extradition Treaty and the rule of specialty because the crimes he was extradited for were different from the crimes to which he ultimately pled guilty. Id. The court concluded that even though Reyes-Vasquez pled guilty to an indictment different from the original used in his extradition, the crimes he ultimately pled guilty had been included in the request for extradition and did not violate the rule of specialty. Reyes-Vasquez v. U.S. Attorney Gen., No. 3:07-CV-1460, 2007 WL 3342759, at *4-5 (M.D. Pa. Nov. 8, 2007). Reyes-Vasquez appealed the District Court's order dismissing the petition and this Court

---

[1] The act of state doctrine prohibits American courts "from inquiring into the validity of the public acts a recognized foreign sovereign power committed within its own territory." Gross v. German Found. Indus. Initiative, 456 F.3d 363, 391 (3d Cir. 2006) (internal quotation marks omitted).

[2] The rule of specialty "requires that an extradited defendant be tried for the crimes on which extradition was granted, and none other." United States v. Saccocia, 58 F.3d 754, 766 (1st Cir. 1995); see also United States ex rel. Saroop v. Garcia, 109 F.3d 165, 168 n.6

summarily affirmed the District Court's order. Reyes-Vasquez v. U.S. Attorney Gen., 304 F. App'x 33, 35 (3rd Cir. 2008).

In April 2009, Reyes-Vasquez filed a second petition for writ of habeas corpus pursuant to § 2241. He raised the same rule of specialty claim as in his August 2007 § 2241 petition and the District Court dismissed the petition on grounds of res judicata; Reyes-Vasquez did not appeal. Reyes-Vasquez v. Holder, No. 3:09-cv-0707, 2009 WL 3855970, at *3 (M.D. Pa. Nov. 18, 2009).

In August 2010, Reyes-Vasquez filed a third petition for writ of habeas corpus pursuant to § 2241 in the Middle District of Pennsylvania that raised three claims. First, he claimed that the trial court lacked jurisdiction because his extradition was invalid because he was extradited for a crime not enumerated in the extradition treaty. Second, he claimed that the prosecution perpetrated a fraud on the court by misleading the court about details of the extradition and the court's jurisdiction. Finally, Reyes-Vasquez raised for a third time his rule of specialty claim.

The Magistrate Judge filed a report and recommendation, recommending that the petition be denied according to the abuse of the writ doctrine pursuant to 28 U.S.C. § 2244(a). Reyes-Vasquez objected to the report and recommendation, arguing that the respondents did not plead the abuse of the writ doctrine and that it was improper for the Magistrate Judge to raise it sua sponte. The District Court adopted the Magistrate Judge's report and recommendation and denied Reyes-Vasquez's petition as an abuse of

(3d Cir. 1997).                                        4

the writ. The District Court also concluded that his § 2241 petition should be dismissed because the petition was not based on a subsequent statutory interpretation that revealed that his conduct was no longer criminal and a claim of actual innocence, a requirement in the Third Circuit for a federal prisoner to file a § 2241 petition challenging his conviction as in violation of the Constitution or laws of the United States in lieu of a § 2255 motion. See In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997).

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291 and may affirm on any grounds supported by the record. See Hughes v. Long, 242 F.3d 121, 122 n.1 (3d Cir. 2001). We review de novo the District Court's dismissal of the § 2241 petition as an abuse of the writ pursuant to § 2244(a). Zayas v. INS, 311 F.3d 247, 252 (3d Cir. 2002).

## III.

Preliminarily, to the extent that Reyes-Vasquez is challenging his conviction and sentence, § 2255 is the "presumptive means by which" he may do so. Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). Reyes-Vasquez has not shown that § 2255 is "inadequate or ineffective" because "some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam); Dorsainvil, 119 F.3d at 251. Thus, Reyes-Vasquez, to the extent he does, may not challenge his conviction and sentence pursuant to § 2241.

5

Next, to the extent that Reyes-Vasquez is not challenging his conviction and sentence under § 2241, but is rather challenging the validity of his extradition, dismissal of his petition is appropriate. We agree with the District Court's dismissal of Reyes-Vasquez's claim that "the crimes that the petitioner was convicted under are not enumerated in the applicable extradition treaty, thus demolishing the Courts [sic] jurisdiction." Reyes-Vasquez provided little argument in support of this claim but the gravamen is that the crimes in the indictment used as the basis for his extradition and the crimes that he pled guilty are not enumerated in the extraditable schedule of offenses contained in Article II of the Extradition Treaty. Thus, according to Reyes-Vasquez, he was extradited for a crime that was "non-extraditable" because it was not specifically enumerated in the Extradition Treaty and his extradition is thereby invalid. See Extradition Treaty, art. II, 36 Stat. 2468.

An extradition treaty outlines under what circumstances extradition is required but it does not "limit the discretion of the two sovereigns to surrender fugitives for reasons of comity, prudence, or even as a whim." United States v. Najohn, 785 F.2d 1420, 1422 (9th Cir. 1986); see also Ker v. Illinois, 119 U.S. 436, 441-42 (1886). It follows that "the asylum country may consent to extradite the defendant for offenses other than those expressly enumerated in the treaty." United States v. Thirion, 813 F.2d 146, 151 (8th Cir. 1987). Further, any inquiry into whether or not a crime is extraditable per the terms of an extradition treaty should be directed to the surrendering state, not the requesting state. See Johnson v. Browne, 205 U.S. 309, 316 (1907); McGann v. U.S. Bd.

6

of Parole, 488 F.2d 39, 40 (3d Cir. 1973) (per curiam) ("The holding of Johnson v. Brown precludes any review of the [foreign] court's decision as to the extraditable nature of the offense. . . ."); see also Frisbie v. Collins, 342 U.S. 519, 522 (1952) ("[D]ue process of law is satisfied when one present in court is convicted of crime after having been fairly apprized of the charges against him and after a fair trial in accordance with constitutional procedural safeguards. There is nothing in the Constitution that requires a court to permit a guilty person rightfully convicted to escape justice because he was brought to trial against his will."). In this case, President Fernandez signed an executive decree authorizing the extradition of Reyes-Vasquez. That executive decree stated that the United States requested the extradition of Reyes-Vasquez "in order to be tried in their courts for infractions equivalent, in our penal legislation, to murder, drug trafficking, and criminal association." Thus, the government of the Dominican Republic considered the extradition request and chose to grant it. Whether the extradition was based on extraditable crimes specifically enumerated in the Extradition Treaty is not a question for this Court, but should instead be directed to the Dominican Republic. See, e.g., Najohn, 785 F.2d at 1423; United States v. Medina, 985 F. Supp. 397, 401 (S.D.N.Y. 1997) ("These decisions, [Johnson and McGann, inter alia], compel the conclusion that this Court may not review the Dominican Republic's decision to extradite [the defendant]."). Consequently, we affirm the District Court's dismissal of Reyes-Vasquez's claim that his extradition was invalid because he was extradited for a non-extraditable crime.

IV.

7

We agree with the District Court's dismissal of the claim that "the prosecution perpetrated a fraud on the court with respect to jurisdiction." Reyes-Vasquez argued that the prosecution's unwillingness to provide documents related to his extradition to defense counsel or the court constituted a fraud on the court. His argument is based on the fact that the original executive decree authorizing his extradition, dated August 12, 1997, provided that Reyes-Vasquez was to be extradited in order that he be tried before New York state courts. A subsequent executive decree was issued and signed on September 23, 1997, that corrected the August 12th decree to read "so that where the jurisdiction where he is to stand trial is indicated it reads 'the U.S. Federal Court for the Southern District of New York,' instead of 'the State Courts of New York,' as it is mistakenly stated." Thus, Reyes-Vasquez argued that the prosecutor's refusal to provide the extradition documents and failure to reveal the error in the August 12th executive decree prevented him from challenging the validity of his extradition and the court's jurisdiction.

The District Court determined that the abuse of the writ doctrine prohibits Reyes-Vasquez from raising the claim in his current § 2241 petition because he failed to raise it in his April 2009 § 2241 petition. Reyes-Vasquez argued that this, and all his other claims, could not have been previously raised because United States ex rel. Saroop v. Garcia prohibited invocation of a treaty as a basis for a claim. 109 F.3d 165, 168 (3d Cir. 1997). However, Reyes-Vasquez argued that the decision in U.S. v. Thomas recognized a defendant's right to "invoke a treaty or the rule of specialty," and permitted him to raise his claims related to the sentencing court's jurisdiction pursuant to the Extradition Treaty.

8

322 F. App'x 177, 179-80 (3d Cir. 2009). That decision is not precedential. See Jamison v. Klem, 544 F.3d 266, 278 n.11 (3d Cir. 2008); 3d Cir. I.O.P. 5.7.

Assuming arguendo that Reyes-Vasquez's prosecutorial misconduct claim is not barred by § 2244(a) and that he has standing to raise his claim, he has not alleged sufficient evidence to show a valid claim of prosecutorial misconduct. The Supreme Court has held that prosecutorial misconduct is insufficient to overturn a conviction unless it "so infect[s] the trial with unfairness as to make the resulting conviction a denial of due process." Donnelly v. DeChristoforo, 416 U.S. 637, 643 (1974). A reviewing court must "examine the prosecutor's offensive actions in context and in light of the entire trial, assessing the severity of the conduct, the effect of the curative instructions, and the quantum of evidence against the defendant" to determine if prosecutorial misconduct rises to a level that infects the trial with such unfairness as to make the resulting conviction a denial of due process. Moore v. Morton, 255 F.3d 95, 107 (3d Cir. 2001).

Viewed in context and in light of the entire trial, Reyes-Vasquez's claim is insufficient to support a claim of prosecutorial misconduct. Reyes-Vasquez claimed that the prosecutor's misconduct prevented him from earlier raising a claim of a jurisdictional defect. However, in light of the fact that the government of the Dominican Republic readily acknowledged the error in the executive decree and issued a second executive decree to fix the error, there was no meaningful defect in jurisdiction and not one that Reyes-Vasquez could have successfully established. See, e.g., United States v.

9

Antonakeas, 255 F.3d 714, 720 (9th Cir. 2001) (noting that there are certain instances when an individual can raise a treaty violation on the surrendering country's behalf, but there is no policy reason to permit an individual to claim a treaty violation when a procedural requirement was missed and the surrendering country made its own determination that the treaty provisions were fulfilled and extradition was proper). Thus, in this case any prosecutorial misconduct was harmless and did not infect the proceedings with unfairness resulting in a denial of due process. Consequently, we affirm the District Court's dismissal of Reyes-Vasquez's claim of prosecutorial misconduct.

V.

We agree that dismissal of Reyes-Vasquez's claim that his plea and sentencing violated the rule of specialty claim was appropriate. Reyes-Vasquez argues that his rule of specialty claim was never litigated on the merits because the claim was first raised in conjunction with a habeas petition that was dismissed due to a lack of standing and therefore it should not be barred by the abuse of the writ doctrine and § 2244(a).

Reyes-Vasquez first raised his rule of specialty claim in an objection to the Magistrate Judge's report and recommendation during proceedings related to his August 2007 petition. There, the District Court, addressing only the claims raised in Reyes-Vasquez's habeas petition, determined that "[t]his Court . . . cannot declare that the laws of the Dominican Republic were violated by the Petitioner's extradition. Therefore, the Petitioner lacks standing to file a petition for writ of habeas corpus." Reyes-Vasquez v. U.S. Attorney Gen., 2007 WL 3342759, at *3. The court went on to address claims

Reyes-Vasquez raised in his objection and determined that he did not have standing to challenge the interpretation of the Extradition Treaty. However, the court concluded that Reyes-Vasquez did have standing to challenge various other claims raised in his objection, including that his guilty plea and sentence violated the rule of specialty; this claim was addressed on the merits. Id. at *3-5.

Regarding the rule of specialty claim, the District Court concluded that although Reyes-Vasquez may have pled guilty to a different indictment than the one he was extradited under, the crimes in the new indictment were included in the original indictment and did not violate the rule of specialty. Id. at *4-5. Thus, even though the District Court dismissed the petition for lack of standing, it dealt separately with the rule of specialty claim and dismissed the claim on the merits. On appeal, this Court affirmed the District Court's decision and in a discussion of the rule of specialty claim emphasized that the Extradition Treaty "only protects [Reyes-Vasquez] to the extent that he could not be tried for any crime other than that for which he was surrendered, and he plainly was not." Reyes-Vasquez, 304 F. App'x at 36. Consequently, the claim is barred as an abuse of the writ because it has already been decided on the merits.

VI.

For the foregoing reasons, we will affirm the District Court's dismissal of Reyes-Vasquez's § 2241 petition.

11