CLD-269                                                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1824
_____

MAXIMO ANTONIO REYES-VASQUEZ,

Appellant

v.

WARDEN ALLENWOOD FCI
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 3-18-cv-00345)
District Judge:  Honorable Richard P. Conaboy
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 19, 2018

Before:  CHAGARES, GREENAWAY, JR. and FUENTES, <u>Circuit</u> <u>Judges</u>

(Opinion filed: September 7, 2018)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Maximo Antonio Reyes-Vasquez (also known as Maximo Reyes, BOP Reg. No. 79950-198) appeals from the dismissal of a habeas corpus petition that he filed under 28 U.S.C. § 2241.  We will affirm.

I.

In 1997, Reyes-Vasquez was extradited from the Dominican Republic to face racketeering charges in the United States District Court for the Southern District of New York.  He pleaded guilty and the court sentenced him to 30 years in prison.  Reyes-Vasquez did not file a direct appeal or a timely motion under 28 U.S.C. § 2255.  He later filed with his sentencing court a motion for leave to file an untimely § 2255 motion, but his sentencing court denied it and the United States Court of Appeals for the Second Circuit affirmed.  See United States v. Reyes, 67 F. App'x 35, 37-38 (2d Cir. 2003).

Since then, Reyes-Vasquez has continued to challenge his conviction in various courts and in various ways.  As relevant here, he filed three previous § 2241 petitions in the Middle District of Pennsylvania, where he is confined, challenging his conviction on the ground that his extradition was illegal.  The District Court dismissed those petitions, and we affirmed the two dismissals that Reyes-Vasquez appealed.  See Reyes-Vasquez v. Scism, 514 F. App'x 133 (3d Cir. 2013); Reyes-Vasquez v. U.S. Att'y Gen., 304 F. App'x 33 (3d Cir. 2008).  In doing so, we addressed the merits of his claims at length and explained that his attempt to raise identical claims was barred as an abuse of the writ. See, e.g., Reyes-Vasquez, 514 F. App'x at 136-39.

Reyes later filed an application with the Second Circuit for leave to raise similar claims in a second or successive § 2255 motion. That court denied it. (2d Cir. No. 17-3583, Nov. 27, 2017.) About two months later, Reyes raised those claims by filing the § 2241 petition at issue here. The District Court dismissed it, and Reyes-Vasquez appeals.[1]

## II.

We will affirm. Reyes-Vasquez raises two categories of claims. First, he again raises claims premised on arguments that his extradition was illegal. Reyes-Vasquez argues that his extradition was illegal because his racketeering charges were not extraditable and because the Extradition Treaty between the United States and the Dominican Republic otherwise precluded his extradition. For those reasons, he claims that: (1) his sentencing court lacked jurisdiction over him; (2) his trial counsel should have moved to dismiss the indictment; and (3) the prosecutor violated Brady v. Maryland, 373 U.S. 83 (1963), and committed fraud on the court, by failing to "disclose" the illegality of his extradition. Second, he claims that his trial counsel should have filed a motion to dismiss the indictment under the Speedy Trial Act based on extradition-related delays.

The District Court concluded that Reyes-Vasquez could not assert these claims in a § 2241 petition, and we agree. Federal prisoners generally may challenge their

---

[1] Federal prisoners do not require a certificate of appealability to appeal from the denial of a § 2241 petition. See Bruce v. Warden Lewisburg USP, 868 F.3d 170, 177 (3d Cir. 2017). Thus, we have jurisdiction under 28 U.S.C. §§ 1291 and 2253.

sentences only by filing a § 2255 motion with their sentencing court. See Bruce, 868 F.3d at 178. We have recognized an exception for claims of actual innocence based on a retroactive change in statutory caselaw that the petitioner could not have asserted in a previously filed § 2255 motion and cannot assert in a successive § 2255 motion. See id. at 180 (discussing exception recognized in In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997)). This exception does not apply because Reyes-Vasquez does not claim to be innocent, his claims are not based on new law relating to his conviction, and all of his claims were previously available for assertion in a timely § 2255 motion.

In addition, we already have rejected on the merits Reyes-Vasquez's claims that his crimes were not extraditable, see Reyes-Vasquez, 514 F. App'x at 136-37, that the prosecutor committed misconduct and fraud on the court, see id. at 137-38, and that neither the Extradition Treaty nor the law of the Dominican Republic permitted his extradition, see Reyes-Vasquez, 304 F. App'x at 35-36. His petition was barred as an abuse of the writ to that extent, and Reyes-Vasquez cannot show any potential ground to revisit these issues because he does not claim, let alone make any colorable showing, that he is innocent. See Furnari v. U.S. Parole Comm'n, 531 F.3d 241, 251 (3d Cir. 2008).

## III.

For these reasons, we will affirm the judgment of the District Court. Reyes-Vasquez's motion for appointment of counsel and for a remand to the District Court is denied.

4